ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

NIKHIL BHAGAT (CABN 279892)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7193
    FAX: (415) 436-6982
    nikhil.bhagat@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | **CASE NO. 4:24-CR-00414 JSW** |
| Plaintiff, | JOINT STATUS REPORT AND STIPULATION TO CONTINUE HEARING; [PROPOSED] ORDER |
| v. | |
| CASEY ROBERT GOONAN, | |
| Defendant. | |

On September 11, 2024, the Court set this matter for a status conference on November 5, 2024, and excluded time through that date. ECF No. 18. On October 23, 2024, a Clerk's Notice issued continuing the status conference to November 12, 2024 and requiring the filing of a joint status report by November 5, 2024. ECF No. 19. On November 6, 2024, pursuant to stipulation, the Court continued the status conference to December 10, 2024 and required the filing of a joint status report by December 3, 2024. ECF No. 21. Pursuant to the Court's Order, the parties hereby respectfully submit this joint status report.

On July 23, 2024, a federal grand jury returned an indictment charging Defendant Goonan with

JOINT STATUS REPORT
4:24-CR-00414 JSW
                         1

violations of 18 U.S.C. § 844(f)(1) (damage and destruction by fire or explosive of property belonging to institution receiving federal financial assistance); 18 U.S.C. § 844(i) (damage and destruction by fire or explosive of property used in or affecting interstate commerce); and 26 U.S.C. § 5861(d) (possession of an unregistered firearm).  All three charges relate to the June 1, 2024 firebombing of a University of California police car.

The parties have reached an agreement-in-principle which, if accepted by the Court, provides that the defendant will plead guilty to Count Two of the Indictment.[1] The parties respectfully request that the Court conduct a change of plea hearing on December 10, 2024 or as soon as possible thereafter, either on the Court's regular criminal calendar or by special setting.[2]

In light of the foregoing, the parties stipulate and agree, with permission of the Court, to (1) vacate the December 10, 2024 status conference, (2) set the matter for a change of plea at the Court's earliest availability, either on the Court's regular criminal calendar or by special setting; and (3) exclude time under the Speedy Trial Act for effective preparation of counsel through that date.

IT IS SO STIPULATED this 3rd day of December, 2024.

| | |
|---|---|
| ISMAIL J. RAMSEY<br>United States Attorney | LAW OFFICE OF SARAH POTTER |
| */s/* | */s/* |
| NIKHIL BHAGAT<br>Assistant United States Attorney | SARAH POTTER<br>Counsel for Defendant<br>Casey Robert Goonan |

---

[1] Although the defendant will only be pleading guilty to Count Two of the Indictment, which relates to the UCPD vehicle, the parties anticipate that as part of that change of plea, the defendant will admit their involvement in other arsons and attacks, including a June 2024 attack on the Oakland federal building. *See generally* ECF No. 7 (Ltr. from AUSA Bhagat to Chief Magistrate Judge Ryu describing facts of Oakland federal building incident and setting forth parties' respective positions on issue of judicial recusal with respect to detention hearing).

[2] The parties understand that the Court's next available date is January 14, 2025; the parties are available on that date or before then.

**[PROPOSED] ORDER**

Having considered the joint status report submitted in the above-entitled case and for good cause shown,

IT IS HEREBY ORDERED that the status conference currently scheduled for December 10, 2024 is VACATED; and

IT IS FURTHER ORDERED that the above-captioned matter is set for a change of plea on _____ at _____; and

IT IS FURTHER ORDERED that pursuant to the Court's standing order, the parties shall deliver to the Court a copy of the written plea agreement by 9:00 a.m. on the Friday prior to the change of plea hearing; and

IT IS FINALLY ORDERED that the time from December 10, 2024 through and including the date for the change of plea set forth above is excluded from the period of time within which the defendant's trial must commence pursuant to the Speedy Trial Act because failing to do so would unreasonably deny the defendant and the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* 18 U.S.C. §§ 3161(h)(7)(A), 3161(h)(7)(B)(iv).

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____

HON. JEFFREY S. WHITE
Senior United States District Judge