UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CERTAIN REDACTED DOCUMENTS OBTAINED PURSUANT TO SEARCH WARRANTS<br><br>UNITED STATES OF AMERICA,<br>           Plaintiff,<br>    v.<br>CASEY GOONAN,<br>           Defendant. | Case Nos. 24-cr-00414-JSW, 25-mj-70027, 25-mj-70031, and 25-mj-70340<br><br>**ORDER RE: BRIEFING REGARDING DISCLOSURE OF REDACTED DOCUMENTS** |

## INTRODUCTION

Defendant Casey Goonan has pled guilty to one count of maliciously damaging or destroying property used in interstate commerce by means of fire or an explosive in violation of 18 U.S.C. § 844(i). *See United States v. Goonan*, Case No. 24-cr-00414-JSW-1, Dkts. 24-25 His sentencing hearing is currently scheduled for September 23, 2025. *Id.* a Dkt. 32. The Parties' responses to Probation's pre-sentence report are currently due on September 2, 2025.

During the time period Defendant Goonan has been detained in pretrial custody at Santa Rita jail, the government applied for and the undersigned issued the search warrants at issue currently. *See* Case No. 25-mj-70027 at Dkt. 2; Case No. 25-mj-70031 at Dkt. 3; Case No. 25-mj-70340 at Dkt. 2. Those warrants were narrowly and specifically directed to searching and seizing certain correspondence between Defendant Goonan (while he has been at the Santa Rita jail address) and a person at the Transgender Law Center, a non-profit organization which engages in impact litigation, legal services, and advocacy. Several pieces of such correspondence were seized pursuant to the

warrants. Because that correspondence, on the face of the envelopes, indicates it is an attorney-client communication, the government proposed and the undersigned ordered the implementation of a filter team to review any such correspondence prior to disclosure to the investigative team. *See, e.g., United States v. Holmes*, 2018 WL 4952597 at *5 (N.D. Cal. Oct. 12, 2018). Given the limited number of documents at issue and out of consideration for the facially apparent potential for attorney-client privilege issues involved, the Court also ordered that the correspondence be provided to the undersigned for *in camera* review and required the filter team to provide their proposed redactions to the undersigned for approval (or revision) prior to disclosure of the redacted versions to the investigative team. *Cf. United States v. Zolin*, 491 U.S. 554, 565-66 (1989). Ultimately, the correspondence was redacted in part, and the redacted versions were provided to the investigative team.

This Order relates to the Government's request for those documents to be unredacted and produced in full, on the grounds that further investigation has allegedly shown that the subject documents are not attorney-client communications and thus not protected by the attorney-client privilege.

**DISCUSSION**

The documents at issue were seized in response to the search warrants referenced in the docket numbers above. The documents were then subjected to a two-phase review process, described below, to filter privileged materials. After redaction of such material, the redacted versions of the documents were then disclosed to the investigative team.

A brief discussion of a filter team protocol provides further context. This Court is cognizant that the decisions of courts of appeals outside the Ninth Circuit have been critical of the use of a filter team procedure for handling attorney-client privilege review of documents, because (primarily but among other reasons) such a procedure constitutes an improper delegation of a judicial function to the executive branch. *See, e.g., In re Search Warrant Issues June 13, 2019*, 942 F.3d 159, 176-77 (4th Cir. 2019); *In re Grand Jury Subpoenas*, 454 F.3d 511, 523 (6th Cir. 2006) ("an obvious flaw in the [filter/taint] team procedure: the government's fox is left in charge of the [privilege

holder's] henhouse, and may err by neglect or malice, as well as by honest differences of opinion."). Those out-of-circuit opinions are, of course, not binding on this Court.

Based on the Court's research to date, no district courts within the Ninth Circuit (including the Northern District of California) have followed or adopted the reasoning of the Fourth or Sixth Circuits in deprecating the use of a filter team protocol. Indeed, based on this Court's research to date, unlike the Fourth and Sixth Circuits, the Ninth Circuit has not disapproved of the use of a filter team (or taint team) protocol. *See In re Grand Jury Subpoena, JK-15-029*, 828 F.3d 1083 (9th Cir. 2016) ("[W]e are remanding with instructions to quash the government's present subpoena in its entirety…. We therefore do not address whether the district court's adoption of the 'taint/filter' team protocol was appropriate for the limited purpose for which it was imposed."). While the Ninth Circuit reserved the issue of the appropriateness of a filter team protocol in *Grand Jury Subpoena JK-15-029*, it is worth noting that the district court in *Christensen* implemented a filter team protocol and, after describing that filter/taint team protocol and ultimately affirming the convictions at issue (while reversing and remanding for further sentencing), the Ninth Circuit stated that "[t]he district court handled this challenging case admirably…." *United States v. Christensen*, 828 F.3d 763, 798-99, 824 (9th Cir. 2015). And while not directly addressing the issue of allegedly improper delegation of judicial function which motivated the Fourth and Sixth Circuits, the Northern District of California has approved the use of filter or taint teams in prior decisions. *Holmes*, 2018 WL 4952597 at *5; *see also United States v. Lonich*, 2016 WL 705971 at *3-4 (N.D. Cal. Feb. 23, 2016) (denying motion to dissolve taint team); *cf. also United States v. Andrade*, 2023 WL 2838110 at *6 (N.D. Cal. April 7, 2023).

In light of the applicable and binding legal authorities, the Court finds that the procedures implemented here are appropriate and within the scope of the Court's authority and discretion in handling the procedure for review of potentially privileged materials seized in response to a search warrant. Further, the Court finds that the procedures implemented here, which include not merely a filter team but rather a two-step protocol involving both a filter/taint team and independent *in camera* review by the Court, distinguishes this case from the criticisms regarding impermissible delegation of judicial functions to the executive branch which underlie the Fourth Circuit's and

3

Sixth Circuit's opinions disapproving of a filter team protocol alone, discussed above. There was no improper or impermissible delegation of judicial function here, precisely because the Court was directly involved in the second step of the privilege analysis during the *in camera* review portion of the procedures. Such an *in camera* review may not be necessary or practical in other cases, depending on the facts of those situations. Indeed, the Third Circuit has disapproved of a filter team procedure in which non-attorneys perform the privilege filter review, but has agreed that a filter team consisting of an independent government attorney acceptable to the court should conduct the privilege review and may include other procedures and structures deemed appropriate by the district court on a case-by-case basis. *In re Search of Elec. Comms. in the Account of chakafattah@gmail.com at Internet Service Provider Google, Inc.*, 802 F.3d 516, 530 (3rd Cir. 2015) ("Because of the legal nature of the privilege issues involved, we agree that the first level of privilege review should be conducted by an independent DOJ attorney acceptable to the District Court. [Defendant] Fattah's remaining arguments regarding the structure of the review process, we believe, are more appropriately addressed by a district court in the first instance on a case-by-case basis. On remand, the District Court may thus, in its discretion, implement those procedures it deems necessary to protect [Defendant] Fattah's privileges."). Similarly, the Eleventh Circuit has approved the implementation of a specifically-described filter team protocol and distinguished the Fourth Circuit and Sixth Circuit opinions discussed above. *In re Sealed Search Warrant and Application for a Warrant*, 11 F.4th 1235, 1249-50 (11th Cir. 2021) (collecting cases recognizing and failing to criticize filter team protocols from the Second, Third, Fourth, Fifth, Seventh, Eighth, Ninth, and Tenth Circuits).

As noted, the current state of affairs is that, after following the filter team/*in camera* review protocols discussed above, several seized letters between Goonan and a person at the Transgender Law Center were redacted and provided to the investigative team. Based on further investigation and receipt of other materials, the Government has now submitted a request for the redactions to be removed from those letters and for wholly unredacted copies of the correspondence to be provided to the investigative team, because the Government contends that the communications at issue are not protected by the attorney-client privilege at all.

4

Because the privilege issue here directly implicates Defendant Goonan's rights to assert the privilege and because the Government contends that these documents might be potentially of relevance in the upcoming proceedings involving Defendant Goonan's sentencing, the Court finds that briefing from the Parties is appropriate. According, the Government is **ORDERED** to file its letter brief on this issue on or before August 15, 2025 (a copy of that letter brief dated July 16, 2025 has been informally provided to the Court previously). Defendant Goonan's underlying case is not sealed. *See* Dkt. 5 in Case No. 24-cr-00414. Counsel for the Government is further **ORDERED** to serve a copy of its letter brief on counsel of record for Defendant Goonan promptly and to send a courtesy copy by email to that counsel on or before August 15, 2025.

Counsel for the Government has represented to the Court that counsel for Goonan is interested in obtaining copies of the unredacted letters themselves and that counsel for the Transgender Law Center is also interested in obtaining copies of the unredacted letters and that the Transgender Law Center has no objection to the disclosure of the unredacted letters to the investigative team. If, based on the materials submitted and the Government's letter brief, the Parties are able to reach agreement on this issue without the need for further briefing, they may file a Stipulation and Proposed Order directed to the undersigned and shall concurrently send a chambers copy to PHKpo@cand.uscourts.gov.

If no agreement can be reached between the Parties, counsel for Defendant Goonan is **ORDERED** to file and serve, on or before August 25, 2025, a responsive letter brief directed to the undersigned responding to the Government's request for disclosure to the Government of fully unredacted copies of the subject seized letters (including whether copies of the unredacted letters should be provided to Goonan and his counsel, and to Transgender Law Center). Based on representations by counsel for the United States, counsel for Goonan already has copies of the redacted letters as well as the other evidentiary materials referenced in the Government's letter brief. To the extent counsel for Goonan does not have any evidentiary materials referenced in the Government's letter brief, counsel for the Government are also **ORDERED** to serve such materials immediately upon request from counsel for Goonan.

1  Further, the Parties are **ORDERED** to meet and confer promptly, and then indicate to the
2  Court whether or not they demand a hearing on this matter or if the matter can be decided on the
3  papers. If the Parties are agreed that no oral argument is necessary, they **SHALL** file a Joint Notice
4  waiving oral argument on or before August 22, 2025. If either Party demands a hearing, the Parties
5  shall meet and confer and propose alternate dates and times during the week of August 25, 2025
6  when they are all available (and take into account the Court's availability as indicated on the Court's
7  calendar on the public court website) and submit those proposed alternate hearing dates/times by
8  email to the Court at PHKpo@cand.uscourts.cov on or before August 22, 2025. The Court will then
9  direct the Parties after receiving any such proposed hearing dates/times.

**IT IS SO ORDERED.**

Date:  August 14, 2025

_____
PETER H. KANG
United States Magistrate Judge