

*United States Attorney*
*Northern District of California*

*11th Floor, Federal Building*  (415)436-7200
*450 Golden Gate Ave., Box 36055*
*San Francisco, CA 94102-3495*

September 24, 2025

**VIA CM/ECF**
The Honorable Peter H. Kang
United States Magistrate Judge
United States District Court

      **Re: Supplemental Letter Brief Regarding Government's Request for Release of Unredacted Subject Materials**

Dear Judge Kang:

      Pursuant to the Court's in-chambers order dated September 15, 2025 (ECF No. 56), the government respectfully submits this supplemental letter brief.

      The defendant has now submitted a privilege log, accompanied by a declaration. The government has no reason to question the privilege log. But Goonan's self-serving declaration is highly suspect and contradicts the other evidence before the Court. *Cf. Natural-Immunogenics Corp. v. Newport Trial Grp.*, No. 15 CV-02034-JVS, 2017 WL 10562984, at *6 (C.D. Cal. Mar. 6, 2017) ("As such, the Special Master discredits the self-serving statements in the declarations . . . that they did not intend to waive the attorney-client privilege"). *See also Dadosky v. Mid-America Conversion Svcs., LLC*, 2025 WL 1104560, at *7 (S.D. Ohio Apr. 14, 2025) (Court hesitant to credit self-serving declaration in context of attorney-client privilege determination).

      Goonan concedes that his correspondence was not with an attorney, and that he knew that at the time the Subject Materials were sent and received. Goonan Decl. ¶ 5. He nonetheless claims that his "purpose in sending [the Subject Letters] to TLC was so that an attorney working there could review and respond to my requests for legal advice and resources." *Id*. ¶ 4. He also claims that he understood that "when I sent my correspondence to TLC, the relevant portions would be forwarded or communicated to an attorney." *Id.* ¶ 5.

      Goonan's declaration is insufficient to meet his burden of proving the application of the attorney-client privilege. *See In re California Bail Bond Antitrust Litig.*, 778 F.Supp.2d 1051, 1057 (N.D. Cal. 2025) (Ryu, J.). As described in the government's previous correspondence, Goonan's subjective beliefs are irrelevant to the inquiry. *See Alomari v. Ohio Dept. of Public Safety*, No. 2:11-CV-00613, 2014 WL 12651191, at *4 (S.D. Ohio Jun. 19, 2014) (upholding magistrate judge's privilege determination where magistrate judge "did not merely rely on one party's subjective belief" but on entire record).

Moreover, Goonan's self-serving declaration is squarely contradicted by the objective facts, as recounted in the government's letter filed September 3, 2025 — namely, Goonan (1) thanking the TLC employee for "all the legal mail" he had been "sharing [] around," (2) asking a person who he tasked with transcribing his jail writings for his upcoming book to "[s]end it to me through legal mail . . . . I have a friend who is a lawyer and can do that. I'll connect you with them eventually"; (3) writing to a friend and telling them to send transcriptions to a particular lawyer at TLC along with "a short note, telling the recipient that you are trying to get my book manuscript draft to me safely and securely. They will know what to do . . . Let them know the timing is urgent"; and (4) writing a letter to yet another individual asking the recipient to send "highly sensitive" zines, articles, excerpts, and books to the same lawyer at TLC. *See generally* Letter from AUSA Bhagat to Hon. Peter H. Kang, Sept. 3, 2025, at 3–4.

And there is more. While at Santa Rita, Goonan used the same markings that he describes in his declaration – "Privileged Legal Mail" or "Legal Council [sic] Privileged Correspondence" – on the outside of envelopes addressed to a different individual who is unaffiliated with TLC—D.R. D.R. is a friend and mentor of Goonan's who has no legal training and does not work at a legal services organization. In those letters—sent on July 28, 2024 and August 6, 2024—Goonan did not seek any legal advice, but instead provided a guide to the location of his own writings and ranted about the media and political opponents. *See* Gov't Sent. Mem., ECF No. 60, at 16; Exhibits I & X to the Decl. of Nikhil Bhagat in Supp. of Gov't Sent. Mem. (filed under seal). These letters to D.R. further undercut the credibility of Goonan's claim that he was seeking legal advice from an attorney when he sent the letters to TLC.

Finally, even assuming the redacted portions of the Subject Materials contain legal advice and that Goonan objectively believed he was receiving or seeking that advice in confidence, the entirety of the letters is still nonprivileged because their "primary purpose"—just like the "primary purpose" of Goonan's letters to D.R.—was for a non-legal purpose. *See In re Cal. Bail Bond Antitrust Litig.*, 778 F. Supp.3d at 1057–58 (explaining that privilege only applies where "primary purpose" of communication is to give or receive legal advice and that even dual-purpose communications can only have single primary purpose); *United States v. Salyer*, 953 F. Supp.2d 1014 (E.D. Cal. 2012) (determining whether attorney-client privilege applies call-by-call, not by portion of call). Where the primary purpose of correspondence is not for the purpose of obtaining legal advice, the entirety of the correspondence is non-privileged.

The Court should grant the request to release the unredacted copies of the Subject Materials to the government's Investigative Team.

        Respectfully submitted,

        CRAIG H. MISSAKIAN
        United States Attorney

        */s/ Nikhil Bhagat*
        NIKHIL BHAGAT
        Assistant United States Attorney