

September 29, 2025

Hon. Peter H. Kang
United States Magistrate Judge
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

Re: *United States v. Casey Goonan, 24-CR-00414-JSW (PHK)*

Dear Judge Kang:

     Pursuant to the Court's order dated September 15, 2025 (Dkt. 56), the defendant respectfully submits this supplemental letter brief.

     As an initial matter, Mr. Goonan was sentenced by Judge White on September 23, 2025. It is therefore unclear on what authority or for what purpose the government now seeks to discover the redacted portions of the letters in question. Without conceding that the government is entitled to further litigation on this matter, Mr. Goonan submits this supplemental briefing.

     The government acknowledges that it does not have a reason to question the privilege log submitted by Mr. Goonan. Nonetheless, the government continues to push for disclosure of the privileged portions of the letters. The cases cited by the government do not add anything to the analysis here.

- *Dadosky v. Mid-America Conversion Svcs., LLC* criticized a party's declaration because it did not contain enough specific information beyond the party's subjective belief regarding privilege. 2025 WL 1104560, *7 (S.D. Ohio, Apr. 14, 2025). In contrast, Mr. Goonan's declaration specifies who the communications were directed to and the general kinds of privileged information that was exchanged, going beyond just his subjective belief regarding privilege.

- In *Natural-Immunogenics Corp. v. Newport Trial Grp.,* the privilege had been waived when the information was shared with parties who did not share a common legal interest. No. 15-CV-02034-JVS, 2017 WL 10562984, *6 (C.D. Cal., Mar. 6, 2017). Though the government does not explicitly say it, the cases it has cited imply that the government is making a waiver argument as to the privileged portions of the communications. This

argument fails because all parties to the communications were agents of the legal services organization.

- In line with the court's finding in *Alomari v. Ohio Dept. of Public Safety,* Mr. Goonan's claim of privilege is not based solely on his declaration. No. 2:11-CV-00613, 2014 WL 12651191 (S.D. Ohio, Jun. 19, 2014). The government's argument entirely ignores the additional information provided by the legal services organization, both through the government's own interview of S.M. as referenced in the government's initial letter brief and through the filing by the organization's counsel (Dkt. 45). The privilege log is also relevant to this analysis.

The government's reference to other letters involving a different individual that are not the subject of this litigation is irrelevant here. If the Court were to take the government's argument to its logical conclusion, it would mean that any legal correspondence sent by Mr. Goonan after the letters to D.R. would automatically become unprivileged. The law clearly does not support this conclusion.

The government also misconstrues the "primary purpose" test. Courts do not apply the primary purpose test to determine whether an entire document is privileged. Instead, they evaluate **communications** to determine whether the primary purpose of each communication—and emails and letters can contain many—is for seeking or providing legal advice. *See, e.g., Wisk Aero LLC v. Archer Aviation Inc.,* No. 21CV02450WHODMR, 2023 WL 2699971, at *6 (N.D. Cal. Mar. 29, 2023) ("In other words, the court finds that the primary purpose of ***the redacted communications*** was to provide business advice.") (emphasis added). If the primary purpose of any communication within a document is privileged, it can be redacted. *See*, *e.g.*, *Burno & Equifax Info. Servs., LLC*, No. 2:17-CV-327-WBS-EFB, 2019 WL 633454, at *7-8 (E.D. Cal. Feb. 14, 2019) (applying primary purpose test and ordering redactions to portions of emails containing privileged communications). Even in *Salyer*, cited by the government, the court differentiated between calls that were not protected by the attorney-client privilege because their content was personal in nature and calls where legal advice was sought, which were deemed privileged. *United States v. Salyer,* 853 F.Supp.2d 1014, 1029 (E.D. Cal. 2012). Therefore, the question the Court is faced with here is whether the primary purpose of the redacted portions was to seek legal advice, not whether the primary purpose of the entire letter was to seek legal advice.

It is clear that the redacted portions of the letters are attorney-client privileged and should not be revealed to the government. As such, the Court should deny the government's request to receive the redacted portions of the letters.

Respectfully submitted,

_____
Sarah Potter
Attorney for Defendant
Casey Goonan