

September 2, 2025

Hon. Peter H. Kang
United States Magistrate Judge
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

Re: *United States v. Casey Goonan*, 24-CR-00414-JSW

Dear Judge Kang:

████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████ is a non-profit organization that provides ████████
████████████ people with knowledge and resources through various programs including a legal information helpdesk and a prison mail program. ████████████ works as a legal assistant at ████ and their job responsibilities include processing letters from individuals who seek legal advice. ████████ (and others) processes the incoming letters including reading them and making notes before they are passed on to a volunteer attorney or law student who then determines what pre-formed resources to respond with. ████████ then mails the response to the prisoner. ████████████████████████████████████████████████████████████████
████████████████████████████████████████

"[T]he attorney-client privilege is, perhaps, the most sacred of all legally recognized privileges, and its preservation is essential to the just and orderly operation of our legal system." *United States v. Bauer*, 132 F.3d 504, 510 (9th Cir. 1997). And "[p]rospective clients' communications with a view to obtaining legal services are plainly covered by the attorney-client privilege under California law, regardless of whether they have retained the lawyer, and regardless of whether they ever retain the lawyer." *Barton v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 410 F.3d 1104, 1111 (9th Cir. 2005). Moreover, contrary to the government's arguments, the privilege extends beyond communications directly between attorney and client, and applies to communications with any third-party acting as an agent for a licensed attorney. *In re CV Therapeutics, Inc. Sec. Litig.*, No. C-03-3709 SI(EMC), 2006 WL 1699536, at *7 (N.D. Cal. June 16, 2006), *as clarified on reconsideration*, No. C-03-3709 SI (EMC), 2006 WL 2585038 (N.D. Cal. Aug. 30, 2006). It is common for receptionists, legal assistants, law clerks, paralegals, and other employees of a law office to have contact with parties seeking legal

advice—and the privilege applies to those communications. Additionally, "[a]n attorney-client relationship exists for purposes of the privilege whenever a person consults an attorney for the purpose of obtaining the attorney's legal service or advice"—even if the attorney is never hired. *Fourth Dimension Software v. Der Touristik Deutschland GMBh*, No. 19CV05561CRBAGT, 2021 WL 4170693, at *2 (N.D. Cal. Sept. 14, 2021) (quoting *Kerner v. Superior Ct.*, 206 Cal. App. 4th 84, 116–17 (2012).

In Mr. Goonan's correspondence with ▬▬, he was aware that a personal acquaintance, ▬▬▬▬▬▬, worked for ▬▬ and would be the person opening his letters and responding to his requests for resources. Mr. Goonan's small talk and pleasantries in the letters does not negate the attorney-client privilege as to the legal matters discussed in those letters. Privileged portions of documents are routinely redacted. *Way v. Taco Bell* Corp., No. SACV071266CJCSSX, 2008 WL 11338769, at *4 (C.D. Cal. Oct. 31, 2008) (permitting defendants to redact portions of communications protected by attorney-client privilege); *In re Uber Techs., Inc., Passenger Sexual Assault Litig.*, No. 23-MD-03084-CRB (LJC), 2025 WL 327742, at *7 (N.D. Cal. Jan. 29, 2025) ("The redacted portion of the document is therefore privileged and may remain redacted.").

Moreover, ▬▬▬▬▬▬▬'s statement that he has not personally spoken to Mr. Goonan or represented him does not negate Mr. Goonan's expectation that his communications with ▬▬, a legal services organization, would be privileged. As ▬▬▬▬▬▬ acknowledged, he is not involved in responding to many of the prisoner letters that come into ▬▬. In addition, ▬▬▬▬▬▬ acknowledged that ▬▬ engages in impact litigation, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬, and that Mr. Goonan may be a member of a putative class. There is no evidence to suggest that Mr. Goonan was aware that ▬▬▬▬ was not logging his correspondence or consulting with others in the organization to respond to Mr. Goonan's legal inquiries. As the unredacted portions of the letters indicate, Mr. Goonan was addressing his letters to ▬▬▬▬▬▬ at ▬▬▬▬'s direction. Mr. Goonan's subjective expectation that his communications were privileged is relevant to whether the communications were actually privileged. *Jergens, Inc. v. 5th Axis, Inc.*, No. 20-CV-2377-CAB(BLM), 2021 WL 3022425, at *2 (S.D. Cal. July 16, 2021) ("A client's perspective determines whether a communication is confidential within the meaning of attorney-client privilege, so long as the client's expectation of confidentiality is reasonable.").

There is ample evidence in the government's own arguments to establish that ▬▬▬▬ was an agent of ▬▬ and therefore the fact that ▬▬▬▬▬▬ had not personally reviewed the individual pieces of correspondence with Mr. Goonan does not end the inquiry. Furthermore, ▬▬ has indicated to the court ▬▬▬▬▬▬▬▬▬ that ▬▬ also asserts the attorney-client privilege as to the communications with Mr. Goonan. And as this court is undoubtedly aware, the original redactions in the letters were made by the court because the information was identified as potentially privileged based on the content of the communications. In short, both parties to the communications *and* a judge have concluded these communications are privileged.

      The attorney-client privilege is "fundamental . . . to the operation of an adversarial legal system."  *Barton v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 410 F.3d 1104, 1112 (9th Cir. 2005).  "Potential clients must be able to tell their lawyers their private business without fear of disclosure, in order for their lawyers to obtain honest accounts on which they may base sound advice and skillful advocacy."  *Id.*  ▄▄▄ and Mr. Goonan have properly invoked the attorney-client privilege, and a judge has already applied sound principles to hold it applies.  Yet the government urges this Court to cast aside one of the cornerstones of our legal system.  That would deter Mr. Goonan—and potentially others—from seeking the very legal advice the privilege protects.  This Court should uphold the redactions and safeguard the confidentiality of Mr. Goonan's privileged communications.

 

Respectfully submitted,

_____
Sarah Potter
Attorney for Defendant
Casey Goonan