UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,
Plaintiff,

v.

CASEY ROBERT GOONAN,
Defendant.

Case No. 24-cr-00414-JST-1

**ORDER TO SHOW CAUSE**

Re: Dkt. Nos. 90-91

On January 14, 2025, Defendant entered a guilty plea to one count of Destruction of Property Used in Interstate Commerce by Fire or Explosion in violation of 18 U.S.C. § 844(i), arising from an incident on June 1, 2024, in which set fire to University of California Berkley Police car using Molotov cocktails. (Dkt. No. 25, Plea Agreement ¶¶ 1-2.) As part of his agreement, he also admitted that on June 11, 2024, he attempted to firebomb the Ronald V. Dellums Federal Building, the building in which this Court is located. (*Id.* ¶ 2.) Defendant waived his right to collaterally attack his sentence, except for claims based on ineffective assistance of counsel. (*Id.* ¶ 5.) On September 23, 2025, Judge Jeffrey S. White, who at that time was presiding over the case, sentenced Defendant to a term of 235 months imprisonment to be followed by a fifteen year term of supervised release. (Dkt. No. 75, Judgment.) On October 13, 2026, Defendant filed a motion to vacate his sentence under 28 U.S.C. § 2255.

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

United States District Court
Northern District of California

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

28 U.S.C. § 2255.

Thus, a hearing is required "whenever the record does not affirmatively manifest the factual or legal invalidity of the [movant's] claims." *Baumann v. United States*, 692 F.2d 565, 571 (9th Cir. 1982) (citation omitted). "A hearing must be granted unless the movant's allegations, when viewed against the record, do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984) (citations omitted).

Defendant raises three claims based on ineffective assistance of counsel. The Court concludes Defendant's claims appear colorable under 28 U.S.C. § 2255 and merit an answer from the Government.

Accordingly, the Court HEREBY ORDERS:

1. Defendant shall serve a copy of this Order to Show Cause and the motion and all attachments thereto upon the Office of the United States Attorney.

2. The Government shall file with the Court and serve Defendant, within 60 days of the date of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2255 Proceedings, showing cause why the Court should not "vacate, set aside or correct the sentence" being served by Defendant.

3. If Defendant wishes to respond to the answer, he shall do so by filing a reply with Court and serving it on within 30 days of his receipt of the answer.

4. Defendant has requested an evidentiary hearing in his motion. If the Government

///

///

///

///

///

believes an evidentiary hearing is necessary, it should include a request for an evidentiary hearing in its answer.

**IT IS SO ORDERED.**

Dated: November 9, 2026

JON S. TIGAR
United States District Judge